[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE AMENDED APPLICATION TO CONFIRM ARBITRATIONAND MOTION FOR MODIFICATION
These parties submitted something to arbitration before a three person panel. A hearing was held and an award issued. The defendant received notice of the award on July 26, 1996.
Plaintiff applies to confirm, correct and modify. Defendant moves to modify.
Facts
The arbitrator's award reads as follows:
"The award to the Plaintiff is set forth as follows under the assumption that worker's compensation will pay the two contested bills in the amount of $8,172.00:
 Total Award $385,000.00 -tortfeasor payment (100,000.00) -carpal tunnel stipulation (7,500.00) -Connecticut Diagnostic and Rehab bills (8,172.00) Net award to the Claimant $269,328.00
Arbitrator, Mark Neistat, disagreed with the conclusion that the $7,500.00 carpal tunnel claim be deducted from the award and that he took an exception from this decision." The court has no evidence except the award and admissions of parties. In addition the court has the parties' briefs which were submitted to the arbitrators from which the court may infer some facts the arbitrators may have considered. The court can find no specific submission.
The court finds that there was an automobile accident in which the plaintiff was injured and that as a result he CT Page 5495-Q received all the insurance from the tortfeasor's insurance policy in the amount of $100,000. He also eventually received workers' compensation payments of $94,060.50 but he had to surrender $57,393.97 to the workers compensation carrier. He did not have to pay the balance of $36,666.53.[1] The arbitrators did not deduct all of that figure but did deduct from it $7,500 for a compensation payment and two medical bills totalling $8,172.
When those three amounts are deducted from the $36,666.53 the net amount plaintiff received which was not deducted from the award would be $20,994.53. Although the claims may be mathematically confused it is this sum that defendant seems to say should have been deducted under state regulation §38a-334-6(d). However, the award is produced "under the assumption that worker's compensation will pay the two [medical] bills of $8,172.00"
It is plaintiff's position that no worker's compensation payments are deductible in this instance because the regulations in question do not mention school buses.
The relevant underinsured insurance policy provision on this issue is as follows:
D. LIMIT OF INSURANCE
 1. Regardless of the number of covered "autos", "insureds," premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the LIMIT OF INSURANCE for UNINSURED MOTORISTS COVERAGE shown in the Declarations.
 2. Any product payable under this coverage shall be reduced by:
 a. All sums paid or payable under any workers compensation, disability benefits or similar law, CT Page 5495-R and
 b. All sums paid by or for anyone who is legally responsible, including all sums paid under this Coverage Form's LIABILITY COVERAGE.
 c. Any amount paid under this coverage will reduce any amount an "insured" may be paid under this Coverage Form's LIABILITY COVERAGE.
The arbitrators had this policy language before them. They followed the policy language in regard to all worker's compensation net payments except for the $20,994.53.
From reading the "Decision of Arbitrators" it is clear that they want to deduct any benefits "paid or payable under any worker's compensation or disability benefits law." In addition that decision makes it clear they do not want to deduct payments not resulting in a net sum to plaintiff. From this the court infers that the arbitrator decided that, except for the $7,500 and the two medical bills all the worker's compensation had been paid back to the carrier. As a result the award is correct.
Application to confirm is granted. Motion to correct or modify is denied. Motion for modification is denied.
N. O'Neill, J.